UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:08-MJ-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MARK E. BRECHER a/k/a | ) | |
| MARK B. BRECHER | ) | |

On 7 April 2008, the court conducted a hearing on the government's motion for revocation of U.S. Magistrate Judge Douglas N. Frazier's 9 January 2008 order setting conditions of defendant's release.[1] Pursuant to 18 U.S.C. §§ 3142 and 3145, the court has conducted a *de novo* review and has considered the transcript of the detention hearing before Judge Frazier in No. 2:08-MJ-1001-DNF (M.D. Fl.), the testimony of defendant's wife at the 7 April hearing, and other matters of record. The court makes the following findings of fact, which are supported by a preponderance of the evidence:

1. Defendant is highly motivated to flee based on his age and the potential life sentence he is facing if convicted.

2. Although defendant has family ties to the community in which he lives, he has no known history of employment or work-related ties to that community.

3. The evidence against defendant based on recorded conversations is strong, including evidence that defendant may have knowingly perjured himself before the grand jury.

4. Defendant has apparently secreted substantial funds in offshore accounts.

5. Defendant's only direct tie to the United States is a home located in Naples, Florida;

---

[1] The court recognizes that 18 U.S.C. §3145 requires that any such motion "be determined promptly." However, as the motions for continuance evidence, the parties agreed to the delay in the court hearing the matter.

however, defendant's wife testified that the home is titled solely in her name and is heavily encumbered by a security held by an offshore bank.

6. While the court acknowledges it could order defendant to surrender his passport, given defendant's ability to engage in, and proclivity for, international travel, the court has serious doubts that doing so would be an impediment to defendant fleeing.

7. There is a serious risk defendant will flee.

Based on the foregoing, the court finds there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required, and the government's motion to revoke the release order is ALLOWED. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding. The corrections facility in which defendant is detained is DIRECTED to afford defendant appropriate medical attention and care.

This 7 April 2008.

W. Earl Britt
Senior U.S. District Judge